IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES KERRIGAN,<br>　　　　　　Plaintiff,<br><br>　　　　v.<br><br>OTSUKA AMERICA<br>PHARMACEUTICAL, INC.; AND MARK<br>ALTMEYER,<br>　　　　　　Defendants. | CIVIL ACTION<br><br><br><br>NO. 12-4346 |

**MEMORANDUM OPINION**

**I.　　INTRODUCTION**

　　This employment action, brought pursuant to New Jersey's Conscientious Employee Protection Act ("CEPA"), N.J.S.A. 34:19-3, is before the Court on remand from the United States Courts of Appeals for the Third Circuit. The relevant facts of this case are recounted in *Kerrigan v. Otsuka Am. Pharma., Inc.*, 560 F. App'x 162, 162-65 (3d Cir. 2014). In summary, Plaintiff James Kerrigan filed this action against his former employer, Otsuka America Pharmaceutical, Inc. ("OAPI"), and Mark Altmeyer, OAPI's President and Chief Executive Officer, alleging, *inter alia*, that Defendants violated CEPA by terminating his employment following various whistleblowing activities he allegedly engaged in while serving as "brand lead" for the pharmaceutical drug Samsca. Currently before the Court is Defendant OAPI's motion to dismiss Plaintiff's CEPA claim, the sole remaining issue in this case, in which OAPI contends that Plaintiff has failed to plead facts sufficient to support a CEPA violation.

## II. PROCEDURAL POSTURE

Plaintiff initially filed a six count complaint against OAPI and Altmeyer in state court alleging claims under CEPA (New Jersey's whistleblower statute), New Jersey's Law Against Discrimination (NJLAD), as well as state law claims for negligent infliction of emotional distress, intentional infliction of emotional distress, misrepresentation, and defamation. *See* Compl. After removing the case to this Court, Defendants moved to dismiss the complaint in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. This Court (McLaughlin, J.) granted the motion, dismissing four of Kerrigan's claims with prejudice (the NJLAD claim, the negligent and intentional infliction of emotional distress claims, and the misrepresentation claim), and dismissing the CEPA and defamation claims without prejudice and with leave to amend.

Plaintiff then filed an Amended Complaint re-pleading the CEPA and defamation claims. *See* Am. Compl. Defendants again moved to dismiss the Amended Complaint under Rule 12(b)(6). This Court dismissed the Amended Complaint in its entirety. Relying on the so-called "job duty rule" in regard to the CEPA claim, Judge McLaughlin reasoned that "a plaintiff cannot establish that he engaged in a CEPA protected act when the plaintiff's actions fall within the plaintiff's job duties." *See Kerrigan v. Otsuka Am. Pharma., Inc.*, No. 12-4346, 2013 WL 1234190, at *3 (E.D. Pa. Mar. 25, 2013) (citing *Massarano v. N.J. Transit*, 948 A.2d 653 (N.J. App. Div. 2008)). Plaintiff appealed. The Third Circuit affirmed the dismissal of Plaintiff's defamation claim. *Kerrigan*, 560 F. App'x at 168. With respect to Plaintiff's CEPA claim, the Third Circuit noted that following Judge McLaughlin's ruling on the motion to dismiss, a panel of the New Jersey Superior Court, Appellate Division, decided *Lippman v. Ethicon, Inc.*, 75 A.3d 432 (N.J. Super. Ct. App. Div. 2013), which expressed skepticism of the "job duty" doctrine.

2

Because Judge McLaughlin found the "job duty" exception dispositive, the Third Circuit remanded the CEPA claim "so the question of *Lippman*'s import, if any, may be considered in the first instance by the District Court." *Kerrigan*, 560 F. App'x at 166. The Third Circuit specifically directed that Plaintiff's CEPA claim be considered with respect to two sets of allegations identified in the Amended Complaint: (1) that Altmeyer harassed Plaintiff because he reported compliance violations regarding several publications issued about Samsca; and, (2) that Defendants retaliated against Plaintiff for reporting compliance violations related to Altmeyer's request that Plaintiff's team work to establish Drug Utilization Evaluations ("DUE"s) in target accounts that have used Samsca. *See id.* at 166-67.

Upon remand, this Court ordered the parties to brief the CEPA issue. In its brief, Defendant advised this Court that the New Jersey Supreme Court had granted certification in the *Lippman* case, noting that the Supreme Court's ruling could impact Plaintiff's CEPA claim. This Court then asked the parties to brief the issue of whether the case should be placed in Civil Suspense pending the New Jersey Supreme Court's decision in *Lippman*. After briefing, the Court stayed this case. In July 2015, the New Jersey Supreme Court ruled in *Lippman* that there is "no support in CEPA's language, construction, or application in [New Jersey Supreme Court] case law that supports that watchdog employees [*i.e.*, employees whose job duties include reporting violations of law] are stripped of whistleblower protection as a result of their position or because they are performing their regular job duties." *Lippman v. Ethicon, Inc.*, 119 A.3d 215, 230 (N.J. 2015). This Court then allowed Defendants to re-file their motion to dismiss in light of the New Jersey Supreme Court's decision in *Lippman*. On August 31, 2015, OAPI filed a motion to dismiss Plaintiff's CEPA claims under Rule 12(b)(6), asserting that Plaintiff has

failed to establish a *prima facie* case with respect to either the publications or the DUEs. The Court now considers that motion.

## III. LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*.

To state a *prima facie* case under CEPA, an employee must allege facts sufficient to demonstrate that: (1) he reasonably believed that his employer's conduct violated the law; (2) he performed a "whistle-blowing" activity as defined in the statute; (3) he suffered an adverse employment action; and (4) a causal connection existed between his whistle-blowing and the adverse employment action. *Caver v. City of Trenton*, 420 F.3d 243, 254 (3d Cir. 2005) (citing *Dzwonar v. McDevitt*, 177 N.J. 451 (2003)). In circumstantial evidence cases, such as the instant matter, New Jersey courts apply the burden shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), and its progeny. *Dominguez v. Costco Wholesale Corp.*, 356 F. App'x 611 (3d Cir. 2009) (citing *Fleming v. Correctional Healthcare Solutions, Inc.*, 751 A.2d 1035, 1041 (N.J. 2000). The burden of proof to make a *prima facie* case rests with the plaintiff. *Id.*

## IV. DISCUSSION

### A. *Reports Concerning Publications*

OAPI argues that Plaintiff's Amended Complaint fails to allege facts sufficient to establish the second and fourth prongs of his *prima facie* case concerning the reports he made with respect to the publications about Samsca. With respect to the second prong, OAPI contends that Plaintiff cannot engage in "whistle-blowing" activity for violations of law that relate to projects for which he is responsible as part of his job function. Specifically, OAPI suggests that Plaintiff cannot maintain a CEPA claim because: (1) he was responsible for the very violations of law that he reported with respect to various publications about Samsca; and, (2) one of his reports was made pursuant to a company-wide initiative to identify potential compliance issues after dealing with the first violation. Mot. at 15-16. The Amended Complaint does contain allegations indicating that, as a Senior Director of Global Marketing, Plaintiff "was assigned responsibility" for marketing Samsca; that he oversaw at least one of the employees who "[was] involved in both" publication issues; and that he reported compliance issues "in conformance with OAPI directives." *See* Am. Compl. ¶¶ 10, 13, 15, 27, 63. However, as Defendant is undoubtedly aware, the New Jersey Supreme Court held in *Lippman* that "watchdog employees are entitled to CEPA protection when performing their ordinary job duties." *Lippman*, 119 A.3d at 230 (noting that the plain language of the statute defines an "employee" as "*any* individual who performs services for and under the control and direction of an employer for wages or other remuneration") (emphasis added in *Lippman*)). OAPI has cited no authority that would warrant deviation from this rule. Indeed, OAPI does not address the impact of *Lippman* on Plaintiff's case at all despite its acknowledgment that the Third Circuit specifically remanded this case for

5

that purpose. *See* Mot. at 5. Accordingly, the Court finds that Plaintiff has satisfied the second prong of his *prima facie* case.

With respect to the fourth prong, OAPI contends that Plaintiff cannot establish causation because: (1) there is no "unusually suggestive temporal proximity" given that more than a year elapsed between Plaintiff's reports concerning his "whistle-blowing" activity and termination; and, (2) there is no "additional evidence of causation." Mot. at 16. Plaintiff responds that he has alleged facts showing "a series of adverse employment actions beginning with daily humiliation" and ultimately leading to his termination the following year. Opp'n at 9. A review of the Amended Complaint confirms that Plaintiff has alleged numerous facts that, if true, could support a finding of causation. For example, Plaintiff alleges that "almost immediately" after he reported the issues with publications,[1] Altmeyer accused him of putting OAPI "in a bad light" with the FDA. Am. Compl. ¶ 32. Throughout 2011, Altmeyer continually insulted Plaintiff's ability to perform his job functions, *id.* ¶¶ 34-38, 53-55, and at the end of that year, unilaterally lowered Plaintiff's performance evaluation even though Plaintiff's direct supervisor, Behshad Sheldon, did not believe his performance merited such a negative evaluation. *Id.* ¶¶ 42-44. In fact, Plaintiff alleges that Altmeyer's behavior toward Plaintiff was so harsh that another senior executive reported to Human Resources that Altmeyer was creating a hostile work environment. *Id.* ¶ 49. Finally, Plaintiff alleges that after Sheldon left the company in March 2012, OAPI "surreptitiously" advertised Plaintiff's job, *id.* ¶¶ 70-71, and Plaintiff was terminated on May 29, 2012. *Id.* ¶ 11. While discovery may well show that Altmeyer's actions were motivated by something other than Plaintiff's whistleblowing activities, for purposes of this motion, the Court construes Plaintiff's allegations in the light most favorable to him and concludes that he has

---

[1] The Amended Complaint does not state exactly when Plaintiff reported the potential FDA violations, although from context it appears it happened some time in 2011.

alleged sufficient facts to plausibly allege retaliation. Accordingly, OAPI's motion with respect to Plaintiff's reports concerning the publications is denied.

B. *Reports Concerning Drug Utilization Evaluations*

With respect to Plaintiff's allegation that he suffered retaliation following his report concerning the DUEs, OAPI argues that Plaintiff cannot establish the first prong of his *prima facie* case because he has not identified a particular law, rule regulation, or public policy that he reasonably believed was violated. Mot. at 9-11. In his response, Plaintiff does not point to any particular law, rule, or regulation, but simply argues that he reasonably believed his team's participation in DUEs would violate "FDA regulations" based upon knowledge Plaintiff had gained from OAPI's legal department and other individuals.[2] Opp'n at 6.

As an initial matter, it is unclear under what provision of the CEPA Plaintiff brings his claim. Section 3 provides three instances in which "[a]n employer shall not take any retaliatory action." N.J.S.A. 34:19-3. The Amended Complaint quotes language from subsection 3(a), which protects an employee who "*discloses or threatens to disclose to a supervisor* . . . an activity, policy or practice of the employer . . . that the employee reasonably believes . . . [i]s in violation of a law, or a rule or regulation promulgated pursuant to law." *Id.* at § 3(a) (emphasis added). In his response brief, Plaintiff also quotes language from subsection 3(c), which prohibits retaliation against an employee who "*objects to or refuses to participate in* any activity, policy or practice which the employee reasonably believes . . . [i]s in violation of a law, or a rule or regulation promulgated pursuant to law." *Id.* at § 3(c) (emphasis added).

---

[2] Plaintiff also directs the Court to review certain exhibits as proof, among other things, that OAPI had been reprimanded by the FDA for similar violations in the past, thereby lending credibility to his assertion of reasonableness. See Mot. at 5-6, Exs. B-C. In deciding a motion to dismiss, courts may consider the complaint, matters of public record, and documents that form the basis of the claim. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir.1997). A document "forms the basis" of the complaint if is "integral to" or "explicitly relied upon in the complaint." *Id.* Plaintiff's attached exhibits B and C do not fall into either category. Accordingly, the Court shall not consider these exhibits.

Under either subsection, however, the Court must make a "threshold determination" as to whether Plaintiff has identified a particular statute, regulation, rule or regulation that he reasonably believed was or would be violated. *Dzwonar v. McDevitt*, 828 A.2d 893, 901 (N.J. 2003) ("[W]hen a plaintiff brings an action pursuant to [CEPA], the trial court must identify a statute, regulation, rule, or public policy that closely relates to the complained of conduct.").[3] "The trial court can and should enter judgment for a defendant when no such law or policy is forthcoming." *Id*. Plaintiff has not identified a particular FDA regulation he believed the DUE request violated. Although Plaintiff alleges generally that he believed the request violated "FDA regulations," Am. Compl. ¶ 32, "such an ephemeral claim is inadequate." *Gaglione v. New Cmty. Corp.*, No. A-1015-06T1, 2007 WL 2141429, at *2-3 (N.J. Super. Ct. App. Div. July 27, 2007) (holding that allegations that defendant violated "Federal tax laws" was not sufficiently specific to state a CEPA claim). Plaintiff's further allegation that his group's participation in DUEs violated corporate policy is similarly unavailing. Am. Compl. ¶ 63; *see Fischer v. G4S Secure Solutions USA, Inc.*, -- F. App'x --, 2015 WL 3544295, at *4 (3d Cir. June 8, 2015) (citing *Dzwonar*, 828 A.2d at 904) (internal procedures such as union bylaws or company policy do not qualify as "a law, rule or regulation pursuant to CEPA"). Accordingly, Plaintiff cannot establish the first prong of a *prima facie* claim with respect to his report concerning the DUEs and his claim with respect to that report shall be dismissed.

C. *Defendant Altmeyer*

Finally, OAPI stated in a footnote to its motion that because the Third Circuit affirmed this Court's dismissal of the defamation claim, Altmeyer is no longer a party to this lawsuit.

---

[3] Although *Dzwonar* specifically addressed subsection 3(c), the New Jersey Appellate Division concluded that the requirement that Plaintiff identify a particular law, rule, regulation, *etc*. would apply equally to subsection 3(a), which contains identical language. *Gaglione v. New Cmty. Corp.*, No. A-1015-06T1, 2007 WL 2141429, at *3 (N.J. Super. Ct. App. Div. July 27, 2007).

Mot. at 5 n. 1. OAPI cites no legal authority in support of this conclusion. Instead, OAPI attempts to make an end run around its failure to file a motion to dismiss Altmeyer as a party by arguing that it indicated in three court filings that it believed Altmeyer was not a defendant to Plaintiff's CEPA claim, and Plaintiff did not object to that conclusion in any of its responses. Reply at 9-10. If Defendants believed Plaintiff's allegations were insufficient to allege a claim against Altmeyer, they could have moved to dismiss him as a party. They did not do so. Accordingly, Altmeyer remains a party to this action.

**BY THE COURT:**

**/S/WENDY BEETLESTONE, J.**

_____
**WENDY BEETLESTONE, J.**